UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

QWINNTAVUS KWAME JORDAN,

    Petitioner,

v.

                                         Case No. 3:24-cv-741-MMH-PDB

FLAGLER COUNTY SHERIFF'S
OFFICE,

    Respondent.

_____

**ORDER**

    Petitioner Qwinntavus Kwame Jordan, a detainee at the North Florida Evaluation and Treatment Center, initiated this action on July 22, 2024,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition; Doc. 1). On June 5, 2023, the State of Florida charged Jordan by information with one count of robbery with a firearm. See State v. Jordan, No. 2023-CF-00443 (Fla. 7th Cir. Ct.).[2] Before he could proceed to a trial, on June 24, 2024, the state court judge adjudicated Jordan incompetent and committed him to

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] The Court takes judicial notice of Jordan's state court docket. See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651 (11th Cir. 2020) (per curiam) (finding the district court properly took judicial notice of petitioner's state court dockets).

the custody of the Department of Children and Families for treatment. See id. Jordan's state court case remains pending while he receives treatment. See id.

Jordan's allegations in the Petition are far from clear. However, from what the Court can discern, Jordan appears to challenge his detention on four grounds: (1) he is innocent of the charged offense; (2) officers failed to transport him to court for a scheduled trial on May 13, 2024;[3] (3) the state court judge wrongfully determined he was incompetent to stand trial; and (4) "not being able to exhaust administrative remedies." Petition at 6–7. As to ground four, Jordan alleges that he filed numerous grievances regarding "deprivation of life, liberty, and violation of constitutional rights, [that] ha[ve] been left pending for months." Id. at 7. He does not specify where he submitted these grievances. See id. As relief, he asks the Court to release him because he is "totally innocent." Id.

Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43–44 (1971); Butler v. Ala. Jud. Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of

---

[3] The state court docket reflects that defense counsel filed a Suggestion of Mental Incompetence to Stand Trial on May 3, 2024. See State v. Jordan, No. 2023-CF-00443 (Fla. 7th Cir. Ct.). The state court judge subsequently continued the trial date. See id.

comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference.") (citation omitted). "<u>Younger</u> abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." <u>Johnson v. Florida</u>, 32 F.4th 1092, 1099 (11th Cir. 2022). "There are three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." <u>Id.</u>

Here, Jordan has an ongoing state criminal prosecution; thus, the Court must dismiss all grounds for relief unless he can demonstrate one of the "three narrow exceptions" to the <u>Younger</u> doctrine. Jordan alleges none of the three exceptions to the <u>Younger</u> doctrine, and the Court's review of the Petition and his state court docket confirm that no exception exists. Florida courts have adequate and effective state procedures, which are available to Jordan. Indeed, as to the state court judge's finding of incompetency, Florida Rule of Criminal Procedure 3.212(c) requires a state court judge to periodically hold hearings following commitment to determine if a defendant remains incompetent to

proceed. As such, interference in Jordan's state pretrial proceedings is not warranted.

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of October, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/18
c:  Qwinntavus Kwame Jordan, #325817

4